Chad Timothy Barry v. State

















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00032-CR

     CHAD TIMOTHY BARRY,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 12th District Court
Leon County, Texas
Trial Court # CM-01-110
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Chad Timothy Barry pleaded nolo contendere to possession of marihuana in the amount of
fifty pounds or less but more than five pounds. Pursuant to a plea bargain, the court placed
Barry on deferred adjudication community supervision for ten years. Barry’s sole issue
challenges the court’s denial of his suppression motion.
      A DPS trooper stopped Barry for speeding. Barry was talking on a cellular phone when
he got out of the car to talk to the officer. The officer told him to tell the person to whom he
was talking (whom Barry identified as his wife) that he would call back shortly. After giving
Barry a written warning for speeding and other traffic violations, the trooper continued to talk
to Barry and the passengers in his car about their recent whereabouts. Barry told the officer
that they had been in Houston for four days attending acting school. The passengers told the
officer that they had been in Houston for only one day and one night because Barry was going
to a friend’s birthday party. Barry’s cell phone rang (and he answered it) several times during
the encounter.
      Barry’s nervousness, his hesitance in answering questions, the fact that he kept receiving
calls on the phone, and the inconsistent stories all aroused the officer’s suspicions. He asked
Barry if there was any contraband in the car. Barry responded that there may be a roach. He
asked Barry and the passengers if he could search the car. They all consented. The officer
promptly found a bag of marihuana.
      Barry contends in his sole issue that the officer’s warrantless search of his car was
improper because the officer had no basis to detain him after giving him the written warning
for the traffic violations. He relies primarily on McQuarters v. State. 58 S.W.3d 250 (Tex.
App.—Fort Worth 2001, pet. ref’d). We believe McQuarters is distinguishable.
      In McQuarters, the officer continued to question the occupants of a car after issuing a
written warning. The officer testified that McQuarters was very nervous during the encounter,
that he and his passenger gave conflicting accounts of how long they had been in Dallas, and
that he was driving a rental car which had been rented by someone other than either of the
occupants. Id. at 253-54. The officer ultimately asked McQuarters for consent to search the
car, which McQuarters refused. After McQuarters refused consent, the officer got his
narcotics dog to investigate. The dog alerted to the passenger door. The officer searched the
car and found narcotics in the trunk. Id. at 254. The Fort Worth court concluded that the
search was improper because the factors identified by the officer did not equate to reasonable
suspicion to justify the continued detention. Id. at 257-58.
      Unlike the defendant in McQuarters, Barry consented to the search of his car. Therefore,
the facts of his case are more like the facts presented in the Fort Worth court’s decision in
James v. State, 102 S.W.3d 162 (Tex. App.—Fort Worth 2003, pet. ref’d), and this Court’s
decision in Vargas v. State, 18 S.W.3d 247 (Tex. App.—Waco 2000, pet. ref’d).
      In James and Vargas, officers asked the defendants for consent to search their vehicles
after issuing them written warnings. Both defendants consented. James, 102 S.W.3d at 168;
Vargas, 18 S.W.3d at 250. In James, the defendant did not challenge the voluntariness of her
consent. 102 S.W.3d at 173. In Vargas, this Court determined that the consent was
voluntary. 18 S.W.3d at 254.
      Barry, like the defendants in James and Vargas, consented to a search of his car. He does
not challenge the voluntariness of the consent. Accordingly, we conclude that the court
properly denied his motion to suppress the evidence. Barry’s sole issue is overruled.
      We affirm the judgment.
 
FELIPE REYNA
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



Affirmed
Opinion delivered and filed March 31, 2004
Do not publish
[CR25]  



0;                                Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed October 10, 2001
Do not publish
[CR25]